NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000327
25-JUN-2015
08:29 AM

NO. CAAP-15-0000327

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


JASON HESTER, an individual,
Plaintiff/Counterclaim Defendant-Appellee,
v.
LEONARD G. HOROWITZ, an individual, SHERRI KANE, an individual,
Defendants/Counterclaim Plaintiffs-Appellants,
and
MEDICAL VERITAS INTERNATIONAL, INC., et al.
Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 14-1-0304)

ORDER
(1) GRANTING JUNE 20, 2015 MOTION
TO DISMISS APPELLATE COURT CASE NUMBER CAAP-15-0000327
FOR LACK OF APPELLATE JURISDICTION;
AND
(2) DISMISS AS MOOT ALL PENDING MOTIONS
IN APPELLATE COURT CASE NUMBER CAAP-15-0000327
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Upon review of (1) Plaintiff/Counterclaim-Defendant/
Appellee Jason Hester's (Appellee Hester) June 20, 2015 motion to
dismiss appellate court case number CAAP-15-0000327 for lack of
appellate jurisdiction, (2) Defendants/Counterclaim Plaintiffs/
Appellants Leonard G. Horowitz (Appellant Horowitz) and Sherri
Kane's (Appellant Kane) lack of any memorandum in opposition to
Appellee Hester's June 20, 2015 motion to dismiss, and (3) the

record, it appears that we lack appellate jurisdiction over Appellant Horowitz and Appellant Kane's appeal from the Honorable Elizabeth A. Strance's

- March 27, 2015 interlocutory "Order Granting Plaintiff's Motion to Strike," and

- March 27, 2015 interlocutory "Order Granting Plaintiff's Motion to Dismiss Counterclaims,"

because the circuit court has not yet entered a separate final judgment as to all claims in Civil No. 14-1-0304.

Hawaii Revised Statutes ("HRS") § 641-1(a) (1993 & Supp. 2014) authorizes appeals to the Hawai'i Intermediate Court of Appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) requires that "[e]very judgment shall be set forth on a separate document." The Supreme Court of Hawai'i has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). Consequently, "[a]n appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Jenkins, 76 Hawai'i at 120, 869 P.2d at 1339 (footnote omitted).

On June 8, 2015, the circuit court clerk filed the record on appeal for appellate court case number CAAP-15-0000327, which does not include a final judgment. Although exceptions to the final judgment requirement exist under the doctrine in Forgay v. Conrad, 47 U.S. 201 (1848) (the Forgay doctrine), the collateral order doctrine, and HRS § 641-1(b) (1993 & Supp. 2014), neither of the two March 27, 2015 interlocutory orders satisfies the requirements for appealability under the Forgay

-2-

doctrine, the collateral order doctrine, or HRS § 641-1(b). See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order). Absent an appealable final judgment, we lack appellate jurisdiction and Appellant Horowitz and Appellant Kane's appeal is premature.

Therefore, IT IS HEREBY ORDERED that Appellee Hester's June 20, 2015 motion to dismiss this appeal for lack of appellate jurisdiction is granted, and appellate court case number CAAP-15-0000327 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER ORDERED that all pending motions in appellate court case number CAAP-15-0000327 are dismissed as moot.

DATED: Honolulu, Hawai'i, June 25, 2015.

Presiding Judge

Associate Judge

Associate Judge

-3-